UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEDDRICK FRANKLIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:04-CV-335 |
| | ) |
| DAVE DORMIRE, | ) |
| | ) |
| Respondent. | ) |

**Memorandum Opinion and Order**

Currently before this Court is the Petitioner's motion under 28 U.S.C. § 2254 (doc. #1) and subsequent motion related to his original petition (doc. #20). This case stems from the murder of Cornelius Payne in 1997. The Petitioner Seddrick Franklin was charged with two codefendants, Anthony Cooper and James Howard, and tried in Missouri state court as a prior offender with murder in the first degree, assault in the first degree, two counts of robbery in the first degree, two counts of burglary in the first degree, two counts of forcible sodomy, and four counts of armed criminal action. A jury convicted him, and Franklin was sentenced to consecutive terms of life without parole for the murder conviction, twenty-five years for the assault conviction, twenty-five and thirty years for the robbery convictions, fifteen years for each burglary conviction, thirty years for each sodomy conviction and two life sentences, fifty years and twenty-five years for the armed criminal action convictions. The brutal facts of this case were described in detail by the Missouri Court

of Appeals and do not need to be restated here. See generally State v. Franklin, 16 S.W.3d 692, 694-95 (Mo. Ct. App. 2000). Because Franklin's arguments are without merit under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Franklin's motion is **DENIED and DISMISSED WITH PREJUDICE**.

## I. Discussion

Under 28 U.S.C. § 2254(d), a federal court's review of a state case is limited:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Bell-Bey v. Roper, the Eighth Circuit Court of Appeals explained the federal review of a state case:

> "A state court's decision is 'contrary to ... clearly established Federal law' 'if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases,' or 'if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court's decision].'" . . . "A state-court decision involves an unreasonable application of [the Supreme] Court's clearly established precedents if the state court applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." . . . . To be unreasonable, the state court's application of

> Supreme Court precedent must have been "objectively
> unreasonable," a standard that is more demanding than
> simply being "incorrect or erroneous." . . . .

499 F.3d 752, 755-56 (8th Cir. 2007)(internal citations omitted), cert. denied 128 S. CT. 2426 (2008).

**A.   Claim 1: Juror Challenge**

Franklin first argues the trial court erred when it did not strike Juror John Evans for cause (doc. #2-1 at 2-3).  During voir dire, Evans made disparaging remarks about attorneys and informed the court he was the victim of a violent incident involving his son.  The trial court inquired into Evans' impartiality and did not strike Evans, and Evans served on the jury (tr. at 856).

Our system places the responsibility of probing possible juror bias on the trial court.  United States v. Wright, ___ F.3d ___, No. 07-1439, 2008 WL 2952424, at *2 (8th Cir. 2008).  A trial court should ask questions to uncover possible prejudice of jurors.  Id.  A trial court's finding a juror is able to put aside any possible bias and serve as an unbiased juror is a question of fact, entitled to a presumption of correctness. Patton v. Yount, 467 U.S. 1025, 1036-37 (1984).  A trial court is in the best position to uncover bias, and the impartiality of a juror is entitled to special deference.  Id. at 1038.

In this case, the trial court inquired into Evans' bias and whether he could put that bias aside and impartially serve as a juror (tr. at 131-32, 428-33).  This Court cannot say on the

3

record before it that the trial court unreasonably applied clearly established federal law.  Therefore, Franklin's argument is without merit.

**B.   Claim 2: Cross-Examination of Witnesses and Transcript**

Franklin's second claim for relief is that he was denied the opportunity to effectively cross examine Witnesses Ronnie Golden, Andre McIntosh, and Martinez Armstrong regarding their pending charges and motivation for testifying (doc. #2-1 at 5-7).  He claims this violated his Sixth Amendment right to confront witnesses against him.

On direct appeal, the Missouri Court of Appeals addressed this issue.  See Franklin, 16 S.W.3d at 695-98 (addressing cross examination of Golden, McIntosh, and Armstrong).  The court acknowledged that, generally, the trial court has broad discretion to control the scope of cross examination and that impeachment by pending charge is improper, except for three exceptions under Missouri law.  Id. at 695.  Ultimately, the court concluded the trial court did not abuse its discretion because while it did not allow cross examination in great detail on the pending charges, it did allow cross examination that the witnesses had "deals" with the State requiring cooperation and testimony.  Id. at 697, 698.

The Confrontation Clause of the Sixth Amendment guarantees defendants an opportunity to cross examine witnesses concerning any bias the witness may have against the defendant.  United

4

States v. Eagle, 498 F.3d 885, 889 (8th Cir. 2007). That right is not unlimited, and a trial court may impose reasonable limits on the scope of the cross examination. See id. at 890 (holding the trial court properly limited the cross examination of a witness because the court still allowed the defendant to cross examine the witness about any possible grudge); see also Guinn v. Kemna, 489 F.3d 351, 358 (8th Cir. 2007)(holding the state trial court retains broad discretion to limit cross examination to proper impeachment).

In this case, Franklin's right to confront witnesses has not been violated. As the Missouri Court of Appeals stated, impeachment concerning pending charges is generally improper. Franklin was allowed however to elicit cross-examination testimony regarding the "deals" the witnesses had. This provided Franklin his constitutional right to elicit the bias the witnesses had in testifying against him. Therefore, the state court did not unreasonably apply clearly established federal law.

A sub-issue of this argument concerns the lack of a complete transcript of the trial. During the trial, some of the court reporter's tapes were stolen, so a complete transcript of the trial could not be prepared. Franklin, 16 S.W.3d at 695. Franklin contends this has robbed him of his ability to receive full review of the case. The federal law concerning missing or incomplete transcripts emerges from federal statutory law requiring court reporters to maintain transcripts. See, e.g., United States v. Kelly, 167 F.3d 436, 438 (8th Cir. 1999)("The

Eighth Circuit has never specifically addressed the consequences of violating the Court Reporters Act."); United States v. Maldy, 960 F.2d 57, 58 (8th Cir. 1992)("To safeguard a defendant's right to appellate review, a court reporter must record trial proceedings verbatim. 28 U.S.C. § 753(b) (1988)"). Therefore, it is unclear if this is even an appropriate subject for federal habeas review under 28 U.S.C. § 2254. However, if it is, Franklin has failed to show any prejudice.

The defendant must show prejudice as a result of a missing transcript. Maldy, 960 F.2d at 59. Prejudice exists if the reviewing court cannot conclude on the record before it whether the trial court committed reversible error. Id. The trial court in this case took reasonable efforts to complete the record that involved all parties and itself. Furthermore, this Court has been able to sufficiently review Franklin's constitutional challenges. Therefore, any claim related to the missing portions of the transcript is insufficient to obtain habeas relief.

**C. Claim 3: Severance**

For his third claim, Franklin argues he was prejudiced when the trial court denied severance of his trial from the trial of Cooper and Howard, in violation of the Fifth, Sixth, and Fourteenth Amendments. He contends he was prejudiced in five ways: (1) the fact Cooper testified emphasized the fact that Franklin did not, (2) evidence admissible against Cooper and Howard but inadmissible against him was admitted, (3) the

6

evidence against Cooper and Howard was stronger than the evidence against him, (4) he was convicted because of guilt by association, and (5) he was prohibited from extensively cross examining Golden on his pending charges (doc. 2-1 at 19-24). The Missouri Court of Appeals considered this issue as well and concluded it was without merit. Franklin, 16 S.W.3d at 699.

A habeas corpus petitioner is not entitled to relief for failure to sever a trial unless he can show the joint trial was fundamentally unfair. Hood v. Helling, 141 F.3d 892, 896 (8th Cir. 1998). "Fundamental unfairness is shown where mutually antagonistic defenses compromised a specific trial right or prevented the jury from making a reliable determination of guilt or innocence." Id.

Furthermore, the Sixth Amendment right to confront witnesses protects a defendant's right to cross examine witnesses against him. Bruton v. United States, 391 U.S. 123, 127 (1968). The admission of a non-testifying defendant's out-of-court statements against his codefendant violates the codefendant's Sixth Amendment rights. Id. at 125; see also United States v. Davis, ___ F.3d ___, 2008 WL 2852961, at *9 (8th Cir. July 25, 2008) (discussing Bruton v. United States). However, the Bruton Court also warned, "Not every admission of inadmissible hearsay or other evidence can be considered to be reversible error . . . ; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently. 'A defendant is entitled to a

fair trial but not a perfect one.'" Id. at 135 (quoting Lutwak v. United States, 344 U.S. 604, 619 (1953)).

Franklin's first claimed prejudice fails because Cooper had every right to testify and neither the State nor Cooper criticized Franklin for not testifying. There is nothing unfair about Cooper exercising his right to testify. Franklin's second claimed prejudice is that evidence of Cooper's account of the crime to Golden was improperly admitted hearsay and violated his right to confront witnesses against him (doc. 2-1 at 21-22). However, this claim fails because both Golden and Cooper testified (tr. at 951-1101 (Golden) and 1275-1318 (Cooper)). Bruton only applies when codefendants do not testify. See Davis, 2008 WL 2852961, at *9 ("In Bruton, the Supreme Court held that the admission of a non-testifying defendant's statement implicating a codefendant violates the codefendant's constitutional right to confront the witnesses against him . . . .)(emphasis added). Franklin had the ability to cross examine Golden and Cooper. Therefore, the state court did not unreasonably apply clearly established federal law. Franklin's third and fourth claimed prejudice fail because there was evidence of the guilt of all three codefendants. While the degree of evidence may vary, it did not make Franklin's trial fundamentally unfair. The state court did not unreasonably apply clearly established federal law. Finally, Franklin's fifth ground of prejudice has been discussed above in Part II.B. No further analysis on the point is needed. The state court did not

unreasonably apply clearly established federal law, and Franklin's arguments are without merit.

**D. Claim 4: Evidence of Stolen Car**

For his fourth claim, Franklin argues the trial court erred when it allowed evidence that the defendants were in possession of a stolen car the night of the murder. He claims this evidence was irrelevant and prejudicial in that it concerned a crime not charged (doc. #2-1 at 25 to doc. #2-2 at 28).

This issue involves the application of state evidentiary rules. A federal court on habeas review cannot review the admissibility of evidence under state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). A federal court's review is limited to whether the error infringes a specific constitutional right or is so prejudicial that it has denied the defendant's due process rights. Bell-Bey, 499 F.3d at 759. Trial courts generally have broad discretion on questions of admissibility. Id. Franklin's argument is based on state law (doc. #2-1 at 25 to doc. #2-2 at 28). Therefore, this Court cannot review its admissibility. Furthermore, the admission of the evidence about the stolen car was not prejudicial in light of the other evidence presented at trial. Therefore, this argument is without merit.

**E. Claim 5: Bolstering of Witnesses**

In his fifth claim, Franklin argues the trial court impermissibly allowed the prosecution to bolster the testimony of Golden and McIntosh by eliciting testimony that for their "deal" with the prosecutor they had to truthfully testify. Evidence of the terms of a plea agreement or immunity agreement is not vouching. United States v. Roundtree, ___ F.3d ___, 2008 WL 2831844, at *3, (8th Cir. July 24, 2008). Vouching occurs when the state expresses its own opinions regarding the truthfulness of testimony or implies it knows something the jury does not. Id. The state does not improperly vouch for the witness when it asks questions of the witness's obligation to testify truthfully. United States v. Plumley, 207 F.3d 1086, 1093-94 (8th Cir. 2000). At trial, the State elicited testimony from Golden and McIntosh that they had to testify truthfully and that their statements must have been corroborated by the victims (tr. at 1093-94, 1203-04). Allowing this evidence was not an unreasonable application of federal law. Therefore, the claim is without merit.

**F. Claim 6: Conduct of Witness Davis**

Franklin argues the trial court erred when it did not declare a mistrial after Witness Davis "cried, wailed, hit the door, and threw herself to the ground when called to testify." (Doc. #2-2 at 35). The Missouri Court of Appeals found this issue was without merit. Franklin, 16 S.W.3d at 699.

The Sixth Amendment guarantees a defendant an impartial jury, and conduct of court bystanders and other disruptions may

10

affect that impartiality. Stewart v. Wolfenbarger, 468 F.3d 338, 349 (6th Cir. 2006). A federal court's inquiry on habeas review is "'"whether there has been an impingement upon the right of [the defendant] to be tried before a fair and impartial jury.'" Id. (quoting United States v. Black, 369 F.3d 1171, 1177 (10th Cir. 2004)).

In this case, the trial court took a recess after the outburst (tr. at 1145). When the defendants moved for mistrial, the trial court commented that trials are difficult, especially for alleged victims who testify (tr. at 1157). See Benge v. Johnson, 312 F.Supp.2d 978, 1002 (S.D. Ohio 2004)(explaining a jury is not necessarily prejudiced from emotional conduct of people close to murder victims). On the record of this case, this Court cannot conclude the trial court's conclusion to deny a mistrial was an unreasonable application of federal law. As the trial court noted, emotion from the alleged victim who had lost someone she cared about is not unexpected. After the initial outburst, the trial court took a recess for lunch and order was restored. While the witness cried during her testimony, this is expected in a case involving this level of tension and grief. Therefore, Franklin's argument is without merit.

### G. Claim 7: Testimony of Social Contact

In his seventh claim, Franklin claims the trial court erred when it allowed Armstrong to testify about social contacts between Franklin and the codefendants Cooper and Howard prior to

11

the night of Payne's murder (doc. #2-2 at 37-42). He claims this is "guilt by association" evidence. Id. at 39.

A federal court on habeas review cannot review the admissibility of evidence under state law. Estelle, 502 U.S. at 67-68. A federal court's review is limited to whether the error infringes a specific constitutional right or is so prejudicial that it has denied the defendant's due process rights. Bell-Bey, 499 F.3d at 759. Trial courts generally have broad discretion on questions of admissibility. Id. Franklin admits this testimony was presented during the rebuttal portion of the trial, the transcript for which was lost as explained in Part II.B. The trial court's certification of the record indicates the evidence was admitted to rebut testimony that the codefendants were not "'really'" familiar with each other. Addendum to Court Certification of Record of Trial at 2 (Sept. 29, 1999), attached to Notice of Filing Exhibit, No. 4:04-cv-335, (E.D. Mo. Mar. 19, 2004). In light of the context in which this evidence was raised, this Court cannot conclude the trial court unreasonably applied federal law, and the argument is without merit.

**H.   Claim 8: Prosecutor's Comments on Closing Argument**

For his eighth claim, Franklin argues the trial court erred by permitting the State to argue facts not in evidence (doc. 2-2, at 42). He contends the prosecutor improperly argued that Franklin "needed heroin for his addiction;" that Golden and McIntosh testified truthfully "because it would be against their

interest to go to the penitentiary with a 'snitch jacket'"; and that Franklin's girlfriend did not tell police about his alleged alibi.

Trial judges have broad authority to control closing arguments. United States v. Two Elk, ___ F.3d ___, 2008 WL 2967059, at *13 (8th Cir. Aug. 5, 2008). To show he was denied a fair trial under federal law, Franklin must show (1) the prosecutor's remarks were improper, and (2) the remarks prejudiced a fair trial. United States v. Eagle, 515 F.3d 794, 804 (8th Cir. 2008). Three factors are helpful for the second element: "(1) the cumulative effect of the misconduct; (2) the strength of the properly admitted evidence of the defendant's guilt; and (3) the curative actions, if any, taken by the district court." Id. at 804-05. A prosecutor's closing arguments must be limited to evidence and reasonable inferences drawn from the evidence. Id. at 805.

Regarding Franklin's challenge to the State's remark that Franklin needed heroin, the State presented evidence at trial that Franklin had smoked heroin before the robbery (tr. at 1204). Golden testified, "Franklin came to my apartment telling about he was sick and he needed some drugs in his system . . . ." (Tr. at 1204). In light of this evidence, a prosecutor could tie the two statements together and infer Franklin needed money to buy heroin for an addiction. Therefore, allowing the statement regarding heroin was not an unreasonable application of federal law.

13

Regarding the remark about snitch jackets, the evidence showed that Golden and McIntosh were going to prison and that they had made "deals" for their testimony. This was also a proper inference from the evidence and comment on credibility because "snitching" may put them in danger in prison. Therefore, allowing the statement regarding "snitch jackets" was not an unreasonable application of federal law.

Finally, regarding the alleged alibi defense, Franklin did not corroborate his alibi defense. Thus, his girlfriend clearly did not tell police about an alibi. Therefore, allowing the statement regarding his alibi was not an unreasonable application of federal law. Franklin's eighth claim is without merit.

### I. Claim 9: Ineffective Assistance of Counsel

Ninth, Franklin claims he was deprived of his Sixth Amendment right to effective assistance of counsel. Franklin claims he suffered a hand injury stemming from a shooting in November 1996 that made it impossible for him to grip a weapon (doc. 2-2 at 50). Evidence at trial suggested Franklin held a handgun during the robbery and murder. The trial court excluded Franklin's medical records because his counsel had not timely filed them with the court as required by the court's rules. Franklin claims this performance was deficient and he was prejudiced as a result of it (doc. 2-2 at 49-50).

Defendants face a heavy burden when establishing ineffective assistance of counsel. United States v. DeRoo, 223 F.3d 919, 925

14

(8th Cir. 2000). The petitioner must show, first, that his attorney's representation was objectively deficient and, second, the attorney's deficient performance prejudiced his case. Strickland v. Washington, 466 U.S. 668, 687 (1984). The reasonableness of counsel's conduct is judged at the time of the challenged conduct. Id. at 690.

This Court makes no conclusion regarding deficiency because even if the performance of Franklin's counsel was deficient, he cannot show prejudice. A great deal of evidence presented at trial connected Franklin to the murder of Payne. Furthermore, Franklin's girlfriend testified regarding his medical condition, so despite not having the medical records in evidence, he was still permitted to introduce the evidence. Therefore, this Court cannot say the state court unreasonably applied federal law in Franklin's post-conviction proceeding.

**J.   Subsequent Motion (Doc. #20)**

After filing his habeas corpus petition, Franklin filed another motion (doc. #20). The Court ordered the Respondent to file a response (doc. #21), which he did (doc. #22). In his motion, Franklin seems to argue he was improperly charged as a prior offender under Missouri Revised Statute § 558.016 and he was unlawfully in custody (doc. #20 at 2). Franklin also claims he is not adding new grounds of relief. Id. at 1. However, Franklin has never before argued, whether in state or federal court, the sufficiency of the charging document against him or

15

his custody. Therefore, this Court concludes this is a new ground for relief that is procedurally defaulted for failure to raise it at the state court level. See Sweet v. Delo, 125 F.3d 1144, 1149-50 (8th Cir. 1997)("[Petitioner] defaulted two of his claims by failing to present them to the Missouri courts at any stage of his direct appeal or his post-conviction proceedings."). The motion is **DENIED**.

**II. Certificate of Appealability**

Franklin's motions under 28 U.S.C. § 2254 are **DENIED**. In addition, the Court certifies that an appeal from the denial of these motions may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Therefore, a certificate

of appealability will not be issued by this Court.[1]  Franklin's motion under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 28th day of August, 2008.

RODNEY S. WEBB, District Judge
United States District Court

---

[1] The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue Certificates of Appealability under Section 2253(c). <u>Tiedeman v. Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997).