UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEDDRICK FRANKLIN, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:04-CV-335 |
| DAVE DORMIRE, | ) |
| Respondent. | ) |

## Order

Before the Court are three motions relating to Franklin's appeal of the Court's Memorandum Opinion and Order. First, Franklin moves for leave to proceed in forma pauperis on appeal (doc. #26). Franklin also moves the Court to issue a certificate of appealability (doc. #28). With regard to each of these motions, the Court has already conducted a thorough review and analysis in its Memorandum Opinion and Order (doc. #24). The Court first noted that an appeal may not be taken in forma pauperis because such appeal would be frivolous and could not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Court also stated that it will not issue a certificate of appealability because the matter was not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Accordingly, pursuant to its earlier analysis, the Court **DENIES** each of these motions.

1

Franklin's third motion requests that the Court stay its Order to allow him to present a new claim in state court (doc. #27). According to Franklin, the Supreme Court's decision in <u>Rothgery v. Gillespie County</u>, 128 S. Ct. 2578 (2008) provides that an accused person is entitled to counsel prior to and during a Grand Jury proceeding. The Court disagrees. <u>Rothgery</u> was a "narrow" holding that "merely reaffirm[ed]" the prior understanding that "a criminal defendant's initial appearance before a judicial officer, where he learns of the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel." <u>Id.</u> at 2592. Contrary to Franklin's assertions, the right to counsel does not attach until formal charges are initiated against him. <u>Id.</u> at 2583. <u>See also</u> <u>United States v. Cottier</u>, No. CR 08-50050-AWB, 2009 WL 473236, at *15 (D.S.D. Feb. 24, 2009) (holding that interviews without counsel that took place prior to the date of the Grand Jury's indictment did not violate the Sixth Amendment because the government had not initiated formal charges before the indictment). Franklin's motion to stay is thus **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day of April, 2009.

RODNEY S. WEBB, District Judge
United States District Court

2